1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

MARIE PAUL,

                                 Plaintiff,

      vs.

UNITED STATES OF AMERICA, et al.,

                               Defendant.

CASE NO. 13cv3128-LAB (JMA)

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**

**ORDER OF DISMISSAL**

      Plaintiff Marie Paul, proceeding *pro se*, filed a civil rights complaint along with a motion to proceed *in forma pauperis*. The Court has reviewed the motion and it appears Paul is without funds to pay the filing fee. The motion is therefore **GRANTED**.

      The Court is required to screen the complaint of a plaintiff proceeding *in forma pauperis*, and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Because she is proceeding *pro se*, the Court construes Paul's pleadings liberally, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001), although she is still required to plead enough facts to provide notice of what she thinks the Defendants did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The Court will not supply elements of the claim that were not pleaded. In construing the complaint liberally, the Court does not supply elements of the claim that were not

pleaded. *See Byrd v. Maricopa County Sheriff's Dept*., 629 F.3d 1135, 1140 (9th Cir. 2011).

Paul's claims pertain to the use of a social security number. She alleges she was issued a particular number in 1978 and has used it all her adult life. The commissioner of social security, however, would not allow her to continue using that number, because it had been assigned to someone else. No details are provided about why or how this happened, or what formal or informal proceedings the Social Security Administration may have held. The complaint adverts to some kind of decision or determination and the alleged reasons behind it. Without knowing what the Administration's decision was, or what reasons it gave for making that decision, it is impossible to know what Paul thinks was done wrong, and what the proper remedy would be. For example, it is possible Paul is alleging the Administration determined that Paul was using a number not issued to her. It is also possible she is alleging that the Administration erroneously issued the same number to someone else, and required Paul to obtain a new one. It is also possible Paul is alleging that the Administration erroneously changed the name of the person to whom her number was assigned, and lists it as being assigned to someone else. A secure database of social security numbers shows that the number Paul mentions has indeed been issued to someone with a different name. At this point, the complaint is simply too unclear, and must be dismissed for that reason.

Certain claims or theories of recovery are clearly barred, however, and others require correction. The caption identifies the two Defendants as the United States of America and "Jo Anne Barnhart, Director of the Social Security Administration." The body of the complaint identifies the U.S. Social Security Administration as an additional Defendant.  The Administration, however, is headed by Acting Commissioner Carolyn Colvin. If Paul amends her complaint, she should substitute Colvin in place of Barnhart. Both the United States and the U.S. Social Security Administration are immune in this type of action, and Paul cannot proceed against them. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (U.S. government and its agencies are immune from suit absent a waiver of sovereign immunity).

The complaint identifies diversity as the basis for jurisdiction, and cites California state law as giving rise to some of Paul's claims. The Commissioner's duties and obligations,

however, arise under federal law; the State of California has no power to regulate the federal government. *See generally McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316 (1819). Here, that means California cannot regulate how the federal government issues social security numbers, nor require the Commissioner to pay fines or damages if she doesn't carry out her official duties in a way the state might wish. The complaint also identifies diversity as the basis for jurisdiction. But diversity jurisdiction is needed only when the claims arise under state law; if they arise under federal law, the Court exercises federal question or "arising under" jurisdiction.

Here, the complaint identifies 42 U.S.C. 42 U.S.C. § 1983 and the Federal Tort Claims Act as giving rise to her claims. Section 1983, however, is applicable only to people acting under color of <u>state</u> law, not those acting under color of federal law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n.30 (1982). The Federal Tort Claims Act makes the U.S. liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The wrongs Paul accuses the Commissioner of, however, cannot be committed by a private person. The Federal Tort Claims Act is therefore inapplicable here. Paul might be able to bring claims under the federal counterpart to a §1983 suit, namely an action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). She might also be able to bring claims under the Administrative Procedures Act or some other statute. But in order to do so, she would need to plead facts adequately showing that she has a claim under these.

The complaint seeks money damages and declaratory relief, as well as attorney's fees. Because the Commissioner is being sued in her official capacity, however, she is immune to claims for money damages (unless authorized by law, which, as noted, has not been shown). It would appear Paul can only seek declaratory and injunctive relief that would require the Commissioner to authorize Paul to keep using the same social security number. Even so, such relief might be unavailable if the number is assigned to a real person who would be unjustly injured by being deprived of the use of the number. Furthermore, it is possible that what the Commissioner did was authorized by law.

1    The complaint is therefore **DISMISSED WITHOUT PREJUDICE**. If Paul believes she

2   can remedy the defects this order identifies, she may file an amended complaint no later

3   than the close of business on **February 13, 2014**. The amended complaint must be filed and

4   entered in the docket by that time, not merely mailed. If she fails to amend within the time

5   permitted, this action will be dismissed without leave to amend.

6    **IT IS SO ORDERED**.

7   DATED:  January 13, 2014

8

9   **HONORABLE LARRY ALAN BURNS**
    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13cv3128