# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARIE PAUL, | CASE NO. 13cv3128-LAB (JMA) |
|---|---|
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendant. | |

Plaintiff Marie Paul filed her complaint, raising claims arising from the Social Security Administration's (SSA) refusal to allow her to use a social security number she believes she is entitled to use. She also moved to proceed *in forma pauperis* (IFP). The Court granted her IFP motion, screened her complaint, and dismissed it, giving her instructions about what she would need to do to amend it.

Paul has now filed an amended complaint. Because she is proceeding IFP, the Court is required to screen the amended complaint, and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Because she is proceeding *pro se*, the Court construes Paul's pleadings liberally, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001), although she is still required to plead enough facts to provide notice of what she thinks the Defendants did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The Court will not supply elements of the claim

that were not pleaded. In construing the complaint liberally, the Court does not supply elements of the claim that were not pleaded. *See Byrd v. Maricopa County Sherriff's Dept*., 629 F.3d 1135, 1140 (9th Cir. 2011).

The amended complaint seeks declaratory relief and injunctive relief, requiring the Social Security Administration to allow her to use a social security number she previously used for over 35 years. The complaint doesn't explain how Paul was assigned the number, or give any information at all about how or why the SSA denied her permission to continue using it. Nor does it provide information the Court's previous screening order said was needed, such as whether someone else is currently assigned the social security number (which could make injunctive relief unavailable). Paul is not permitted to be vague about any of this. Without this information, the Court could not determine that Paul is entitled to the relief she seeks — even accepting all of the amended complaint's allegations as true.

As an alternative, Paul asks that the SSA issue her a new number. But she hasn't alleged that she ever applied for a social security card,[1] that the SSA ever refused to issue one, or if so, how, when, and why the SSA did so. If Paul hasn't applied for a social security card, the SSA would not have violated any duty by failing to issue one.

The amended complaint does allege that the SSA sent her a notice, which she has attached, denying her permission to continue using her old number. But the attachment is not a denial of permission to use her old number. Instead, it is a letter denying her tort claim for $1.6 million dollars for emotional distress, physical injury, and loss of income due to the SSA's earlier notifications of her about the social security number she was using. The earlier notifications would probably provide needed information, such as the reason for the SSA's denial, but they aren't attached. If she were suing under the Federal Tort Claims Act (FTCA), this letter would would go far towards explaining her claim.

/ / /

---

[1] The amended complaint says she "acquired" her old social security number in 1978 (Am. Compl., 3:22–23), but doesn't say how she acquired it. For example, if she appropriated her husband's or a relative's social security number, she wasn't entitled to use it. Nor does she allege that she reapplied after losing the right to use her old number.

But Paul is not suing under the FTCA, nor could she do successfully so. The FTCA authorizes private tort actions against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1); *see United States v. Olson,* 546 U.S. 43, 44 (2005). The mistreatment Paul is complaining of, wrongly refusing to authorize her to continue using her old social security number, is not a tort that a private person can be liable for. A private person cannot issue social security numbers, or grant or withhold permission to use a particular social security numbers; only the federal government can do that. Under the Federal Employees Liability Reform and Tort Compensation Act of 1988, individual officials acting within the scope of their duties also cannot be sued for common-law tort claims; the only potential defendant is the United States. *See* 28 U.S.C. § 2679(b)(1).

As the Court's previous order of dismissal informed Paul, she might be able to bring claims pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), or under the Administrative Procedures Act or some other statute. But in order to do so, she would need to plead facts adequately showing that she has a claim under these.

Because the amended complaint is inadequate, it is **DISMISSED WITHOUT PREJUDICE**. If Paul believes she can successfully amend in order to cure the defects this order and the previous order of dismissal have identified, she may file an amended complaint no later than **March 17, 2014.** Paul is cautioned that she is not entitled to unlimited chances to amend, *see Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008), so she should take care to address the problems this order and the previous order of dismissal identify. The newly-amended complaint must be complete in itself, containing all the allegations Paul wishes to make, and re-attaching any exhibits she wishes to be considered. *See* Civil Local Rule 15.1. The Court will not assume she can, or intends to, allege any facts she leaves out, even if she included them in previous complaints.

/ / /

/ / /

1    The amended complaint must be filed and entered in the docket by March 17, not
2 merely mailed. If Paul fails to amend within the time permitted, this action will be dismissed
3 without leave to amend.
4    Finally, the Clerk erroneously issued a summons in this case (Docket no. 6). That
5 summons is **QUASHED** and the Clerk is directed to remove it from the docket. Paul is
6 **ORDERED** not to serve it.
7    **IT IS SO ORDERED**.
8 DATED: February 17, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge