# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE PAUL,<br><br>                    Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                    Defendant. | CASE NO. 13cv3128-LAB (JMA)<br><br>**ORDER SCREENING SECOND AMENDED COMPLAINT;**<br><br>**ORDER REQUIRING ISSUANCE OF NEW SUMMONS; AND**<br><br>**ORDER DIRECTING U.S. MARSHALS SERVICE** |

Plaintiff Marie Paul, who is proceeding *pro se* and *in forma pauperis*, has filed her second amended complaint ("SAC"). The Court is required to screen the complaint of a plaintiff proceeding *in forma pauperis,* and to dismiss it to the extent it is frivolous or malicious, fails to state a claim, or seeks monetary relief from an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Because she is proceeding *pro se*, the Court construes Paul's pleadings liberally, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001), although she is still required to plead enough facts to provide notice of what she thinks the Defendants did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

The SAC names the United States as a Defendant, but as with the previously screened and dismissed complaints, doesn't bring any valid claims against the United States. Instead, it appears that Paul's claims are administrative in nature, and may implicate

due process with regard to the Social Security Administration's handling of her dispute. The United States is therefore **DISMISSED** as a Defendant, and the SAC is deemed amended to reflect this.

Paul alleges that, as a child living in the United States, she was assigned a social security number. She has used this same number her entire adult life, including for employment purposes from 1970 through 2007. The SAC attaches documentation of a lengthy dispute with the SSA, in which she was assisted by a lawyer. She attaches a letter from the SSA telling her to cease using that social security number, but not explaining the reason.[1] This is followed by correspondence from her attorney vainly requesting an explanation of the basis for that decision. The SSA's records apparently showed no earnings associated with the social security number in question, (*see* SAC at 12 (SSA report)), suggesting that no one at all was using it. But her attorney's letters point to IRS records showing that earnings from her previous jobs were associated with the social security number she claims. The documentation shows that Paul and her attorney were both concerned that the SSA's error would likely result in her not receiving the social security benefits she was entitled to, although her immediate concern in this action is which social security number she should be using.

It may be that all this is explained by a simple clerical or administrative error. For example, Paul's IRS records use her married name, Marie Karmazin, but in correspondence the SSA refers to her solely as Marie Paul. It may be that the SSA thinks the two are, or might be, two different people, and believes it is protecting the other person by not revealing her identity or allowing Marie Paul to use her social security number. It may also be that there is more to the underlying dispute than the exhibits show. But for screening purposes, the Court accepts the SAC's allegations as true, and will assume the exhibits represent all relevant communications between the SSA on the one hand and Paul and her attorney on the other.

---

[1] The letter itself says Paul had already been instructed to stop using the number. But the SAC alleges this was the first notice Paul got.

Paul may be able to challenge the SSA's decision under the Administrative Procedures Act, as arbitrary and capricious or as otherwise unlawful; or to bring an appeal under the Social Security Act. Also, if the SSA is arbitrarily refusing to correct a known error, or even going so far as to prevent Paul and her attorney from gaining the information they would need to bring an appropriate appeal, that arbitrary action may be a due process violation. *See Wolff v. McDonnell*, 418 U.S. 539 (1974) ("The touchstone of due process is protection of the individual against arbitrary action of government . . . .")

Accordingly, the Court finds that the SAC, as deemed amended, survives screening. The Clerk is directed to generate a new electronic summons. The Court **GRANTS** Paul's request for U.S. Marshal's service (Docket no. 8), and **ORDERS** the U.S. Marshals Service to serve a copy of the Complaint, Summons, and this Order on Defendants as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

**IT IS SO ORDERED**.

DATED: March 23, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge